# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS D. BURRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14 C 3743 |
| | ) | |
| ANTONIO RILEY, Dir. of U.S. Dep't of | ) | |
| Housing and Urban Development, | ) | |
| Chicago Region; and MICHAEL KRAMER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court grants plaintiff's motion to proceed *in forma pauperis* [# 4] because the motion establishes that he cannot pay the filing fee. For the reasons stated below, however, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e) based on the *Rooker-Feldman* doctrine. The Court grants defendant Michael Kramer's motion to dismiss [# 8] and denies plaintiff's motions to deny the motion to dismiss [# 12, 13 & 14]. The Clerk is directed to enter judgment dismissing this action for lack of subject matter jurisdiction.

## STATEMENT

Louis Burrell was a party to a state court divorce action over which Judge Michael Kramer was presiding. He alleges that Judge Kramer violated his rights by awaiting his ex-wife certain of his assets, including one or more HUD contracts and part of his pension and by holding plaintiff in contempt of court and causing him to be incarcerated. Because Mr. Burrell seeks to proceed *in forma pauperis*, the Court has reviewed the complaint as provided in 28 U.S.C. § 1915(e). In addition, the Court has reviewed Judge Kramer's motion to dismiss and Mr. Burrell's response to the motion.

Mr. Burrell's claims are barred by the so-called *Rooker-Feldman* doctrine, which bars federal district courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, "[i]f the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment, then lower federal courts cannot hear the claim." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008). "In short, the doctrine prevents a party from effectively trying to appeal a state-court decision in a federal district or circuit court." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 431 (7th Cir. 2009). That is what Mr. Burrell is attempting to do here. His route for challenging Judge

Kramer's actions was via a state court appeal, not by filing a separate suit in federal court.

　　　For these reasons, the Court lacks jurisdiction over Mr. Burrell's claims and accordingly dismisses this action.

Date:　August 11, 2014

_____
　　MATTHEW F. KENNELLY
　　United States District Judge